IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD N. BELL**, <br><br>        Plaintiff, <br><br>    v. <br><br>**MICHAEL J. DAVIS a/k/a JAMES MICHAEL DAVIS**, an individual; **BIGADO NETWORKS INCORPORATED**, an Oregon corporation; **MJ CONSULTING SERVICES, INC.**, an Oregon corporation operating under a/b/n **EZ TICKET**; and **EZ TICKET, LLC**, an Oregon limited liability company, <br><br>        Defendants. | Case No. 3:19-cv-00912-JR <br><br> **OPINION AND ORDER** |

Ashley J. McDonald, SLINDE NELSON, 425 NW 10th Ave., Suite 200, Portland, OR 97709. Attorney for Plaintiff.

**IMMERGUT, District Judge.**

      Plaintiff Richard N. Bell seeks default judgment against Defendants Michael J. Davis, Bigado Networks Inc., MJ Consulting Services, Inc., and EZ Ticket, LLC. ECF 12. Plaintiff brings one claim of copyright infringement, claiming Defendants used his copyrighted photograph on two websites without authorization. ECF 1 at 10–11, ¶¶ 35–37, 12, ¶ 37; *see* 17 U.S.C. § 501. Plaintiff also brings a claim for alter ego liability against Defendant Davis and a

claim for vicarious liability against all Defendants for this alleged infringement. ECF 1 at 7–8, ¶¶ 19–22, 13–14, ¶¶ 42–50. Defendants have not filed an answer, opposed Plaintiff's motion, or otherwise appeared in the litigation.

This lawsuit is one of over 100 copyright lawsuits filed by Plaintiff involving the same photograph of the Indianapolis skyline (the "skyline photograph"). In a similar lawsuit filed by Plaintiff in the Southern District of Indiana, *Bell v. Carmen Commercial Real Estate Servs.*, a jury determined that Plaintiff failed to establish that he owned a valid copyright in the skyline photograph at issue in this case. No. 1:16-cv-01174-JRS-MPB (S.D. Ind. Sept. 26, 2019). Given the decision in *Bell v. Carmen Commercial Real Estate Servs.*, this Court finds that Plaintiff is precluded from relitigating whether he owns a copyright interest in the skyline photograph. For this reason, and the reasons that follow, this Court declines to enter a default judgment.

## STANDARDS

Under Federal Rule of Civil Procedure 55(a), the clerk of the court must enter an order of default if a party against whom affirmative relief is sought fails to timely file an answer or otherwise defend an action. Fed. R. Civ. P. 55(a). After default has been entered against a defendant, a court may enter default judgment against that defendant. *See* Fed. R. Civ. P. 55(b)(2). Upon default, the well-pleaded factual allegations in the complaint are taken as true, excluding those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam). However, "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975)). Whether to grant or deny a motion for default judgment is within the court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has provided the following factors, commonly referred to as the

*Eitel* factors, which may guide a district court's consideration of whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The starting point of the court's analysis "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

Rule 55 provides courts with "considerable leeway" as to what may be required before an entry of default judgment. *TeleVideo Sys.*, 826 F.2d at 917; *see* Fed. R. Civ. P. 55(b)(2). The court may conduct evidentiary hearings to determine the amount of damages, establish the truth of an allegation, or to investigate other matters. Fed. R. Civ. P. 55(b)(2). The court may also hold hearings so that a plaintiff may present a "prima facie case showing entitlement to judgment." *See TeleVideo Sys.*, 826 F.2d at 917.

## BACKGROUND

Defendant Michael J. Davis is the operator and registered agent of the entity defendants involved in this action—Bigado Networks, Inc., MJ Consulting Services, Inc., and EZ Ticket, LLC. ECF 1 at 3–4, ¶¶ 8–12. Defendant Davis created two websites for commercial online ticket brokering, www.ez-ticket.com ("EZ-Ticket website") and www.americanairlinescenterdallastx.com ("AAC website"). *Id.* at 4–6, ¶¶ 12–14. The EZ-Ticket website is owned and operated by Defendant MJ Consulting Services, Inc. *Id.* at 4, ¶ 13. The AAC website is owned and operated by "EZ-Ticket.com, LLC," a subsidiary of the parent company Bigado Networks, Inc. *Id.* at 5, ¶ 14.

Plaintiff Richard N. Bell is a professional photographer. *Id.* at 2, ¶ 6. Plaintiff contends that he took the skyline photograph in or around 2000. ECF 1 at 3, ¶ 7. Eleven years later, on August 4, 2011, Plaintiff further claims he registered the skyline photograph with the United States Copyright Office under registration number VA0001785115. *Id.* Plaintiff uses the skyline photograph for advertising and sells licenses for its use on his website, www.richbellphoto.com. *Id.* at 7, ¶ 17; 8, ¶ 25.

Plaintiff searches for unauthorized uses of his copyrighted works with image tracing programs such as Google Images or Tineye. In 2017, while using one of those programs, Plaintiff discovered the unauthorized use of the skyline photograph on Defendant Davis's websites, www.ez-ticket.com and www.americanairlinescenterdallastx.com. *Id.* at 9, ¶ 27. In November 2017, Plaintiff emailed a letter to Defendants demanding that they remove the photograph and pay $5,000 in licensing fees to avoid legal action. *Id.*, Ex. 10, ECF 1-11. Defendants reportedly did not send payment, remove the photograph, or respond to the notice from Plaintiff. ECF 1 at 9–10, ¶ 30.

On June 11, 2019, Plaintiff filed this complaint against Defendants for copyright infringement. ECF 1. Plaintiff effected service on Defendants on July 17, 2019. ECF 5; ECF 6; ECF 7; ECF 8. Defendants failed to appear or respond to the complaint. At the request of Plaintiff, Magistrate Judge Jolie A. Russo issued an entry of default against all Defendants on August 12, 2019. ECF 11. Plaintiff then filed the motion currently before this Court on September 11, 2019, requesting an entry of default judgment against all Defendants. ECF 12. Plaintiff seeks an award of $150,000 in statutory damages under 17 U.S.C. § 504, attorney fees, costs, and injunctive relief. *Id.* at 8–9.

Plaintiff has filed over 100 similar copyright infringement lawsuits concerning the skyline photograph. ECF 19 at 1, ¶ 2.[1] To date, only three of these cases have gone to trial. ECF 19 at 1, ¶ 2. Most of the disputes resulted in pre-trial resolution, many pursuant to default judgments. *See id.* The default judgments often resulted in statutory damage awards of $2,000 to $3,000. *See, e.g.*, *Bell v. Barber*, No. 3:18-cv-01491 DMS (BGS), 2019 WL 4467955, at *4 (S.D. Cal. Sept. 16, 2019) ($3,000); *Bell v. Mattox*, No. 1:18-cv-01677-SEB-DLP, 2019 WL 590147, at *3 (S.D. Ind. Feb. 12, 2019) ($3,000); *Bell v. KG Am. Real Estate Holdings, LLC*, No. 1:15-cv-01423-JMS-DML, 2016 WL 7971721, at *5 (S.D. Ind. Sept. 16, 2016) ($2,000); *Bell v. Am. Auto Transp.*, No 1:11-cv-00766-TWP-DKL, 2014 WL 2745757, at *1 (S.D. Ind. June 17, 2014) ($2,500). Plaintiff has succeeded, however, in receiving default judgments awarding the statutory maximum of $150,000 in some cases. *See, e.g.*, *Bell v. A1 Luxury Limousine of S. Fla., Inc.*, No. 1:16-cv-02536-LJM-TAB, 2017 U.S. Dist. LEXIS 132231, at *4–5 (S.D. Ind. Aug. 18, 2017) (awarding statutory damages of $150,000); *Bell v. Patrick*, No. 1:16-cv-1160-TWP-DML, 2018 U.S. Dist. LEXIS 59685, at *5 (S.D. Ind. Apr. 9, 2018) (same).

In one of the few cases that proceeded to trial, *Bell v. Carmen Commercial Real Estate Servs.* ("*Carmen*"), the defendant challenged the validity of Plaintiff's copyright ownership in the skyline photograph. No. 1:16-cv-01174-JRS-MPB (S.D. Ind. Sept. 26, 2019). That case concerned the same alleged copyright interest as the one at issue in the present action. *See id.*, ECF 19 at 3, ¶ 11 (alleging Copyright Registration Number VA0001785115); *Bell v. Davis et al.*, ECF 1 at 3, ¶ 7 (same). The *Carmen* court provided a jury instruction that stated:

> Plaintiff "owns" a copyright in the Indianapolis Skyline Photo if, and only if,

---

[1] In total, Plaintiff has filed over 200 similar lawsuits regarding the photograph at issue in this case and another photograph of the Indianapolis skyline. *See Bell v. Barber*, No:18-cv-01491, 2019 WL 4467955, *1 n.1 (S.D. Cal. Sept. 16, 2019).

> (1) he created the Photo; and
> (2) he did not create the Photo within the scope of his employment at Cohen & Malad.
> It is Plaintiff's burden to prove ownership of the Photo by a preponderance of the evidence.

*Carmen*, No. 1:16-cv-01174-JRS-MPB, ECF 144-1 at 12 (Final Instruction No. 11). The verdict form provided to the jury asked, "Do you find that by a preponderance of the evidence that Richard N. Bell authored the Indianapolis Skyline Photo, that he owns a copyright in it, and that he registered it with the Copyright Office?" *Id.*, ECF 135 at 1. On September 24, 2019, the jury returned a verdict that he did not. *Id.*

This Court held an evidentiary hearing on December 3, 2019 to address the value of damages and liability issues. This Court notified Plaintiff via email on November 4, 2019 that he should be prepared to discuss whether he has presented a prima facie case entitling him to judgment given the recent decision in *Carmen*. In response to this request, Plaintiff filed Supplemental Information in Support of Plaintiff's Motion for a Default Judgment: Inapplicability of *Bell v. Carmen*. ECF 17. Plaintiff also submitted Supplemental Information in Support of Plaintiff's Motion for Default Judgment: Damages and Permanent Injunction Against Defendants. ECF 15.

At the hearing, Plaintiff offered sworn testimony regarding the *Carmen* decision and the issues before this Court. This Court asked Plaintiff to address two issues that were litigated in the *Carmen* case that undermined Plaintiff's credibility at that trial. First, Plaintiff testified in *Carmen* that he took the photograph in March of 2000, but the defense presented testimony that a fountain displayed in the photograph was not turned on until April. Second, Plaintiff alleged that he took the skyline photograph on the same day as a nighttime photograph of the Indianapolis

skyline, but the trees in the nighttime photograph did not have foliage. The trees in the skyline photograph did have foliage.

Plaintiff Bell testified that he took the skyline photograph in March or May of 2000. He explained that he once testified that the photograph was taken in March, but after the photograph was reviewed it was determined that the foliage indicates that the photograph was actually taken in May. He stated that he was in error when he testified that the photograph was taken in March and has corrected that testimony. He also stated that the discrepancies in the foliage were because the photographs were taken from different angles so different trees are visible. In addition, he testified that the photograph, which he published online in August 2000, has displayed a visible copyright watermark since 2011 but also has been embedded with an invisible, traceable watermark through a third-party program. However, none of the exhibits submitted by Plaintiff display a visible watermark on the skyline photograph. *See, e.g.*, ECF 1-11 at 2, 18; ECF 13-3 at 2; ECF 19-2 at 11.

## DISCUSSION

A plaintiff bringing a claim for copyright infringement must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). If the copyright in a work was registered before or within 5 years of first publication, then the registration certificate is prima facie evidence that the copyright is valid and that the person whose name is on the certificate is the owner. *See* 17 U.S.C. § 410(c). If the certificate of registration is made after that time, the evidentiary weight accorded to that certificate is left to the discretion of the court. *Id.*

This Court finds that Plaintiff is precluded from relitigating whether he owns a copyright interest in the skyline photograph due to the verdict in *Carmen.* Thus, Plaintiff cannot state a claim against Defendants for copyright infringement based on the use of the skyline photograph.

PAGE 7 – OPINION AND ORDER

In addition, the *Eitel* factors weigh against an entry of default judgment in this case. Accordingly, this Court declines to enter default judgment against Defendants and dismisses this action.

**A. Judicial Notice**

A court may, on its own, "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Ninth Circuit has held that a court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (taking notice of briefs and court orders from a state court proceeding). A court may take judicial notice of the existence, content, and operative effect of a court record or filing, but generally may not take notice of court records to prove the truth of assertions included in the filings. *See Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (taking judicial notice of the existence and filing of corporate meeting minutes from another lawsuit but not the truth of their contents). However, a court may take judicial notice of a judgment and related proceedings to determine whether an issue was actually litigated and decided for preclusion purposes. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746–47, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings, including briefs, pleadings, a hearing transcript, and other documents for issue preclusion analysis).

This Court takes judicial notice of the jury instructions, verdict, related briefing, and court records in *Carmen*. No. 1:16-cv-01174-JRS-MPB, ECF 144-1 (jury instructions); *id.*, 135 (verdict); *id.*, ECF 140 (judgment). This Court does not consider these documents for the truth of the assertions found within them, but rather to determine whether Plaintiff's ownership of a valid copyright in the skyline photograph was litigated and decided in the *Carmen* action.

PAGE 8 – OPINION AND ORDER

## B. Issue Preclusion

Issue preclusion bars Plaintiff from asserting that he has a copyright interest in the Indianapolis skyline photograph, Copyright Registration Number VA0001785115, because Plaintiff fully litigated the issue in *Carmen*. "Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). The doctrine of issue preclusion prevents relitigation of issues decided in an earlier proceeding if three requirements are met:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

*Reyn's Pasta Bella*, 442 F.3d at 746.

All of the elements of issue preclusion are met here. First, the *Carmen* court's decision directly considered the validity of Plaintiff's alleged copyright interest in the photograph. *Carmen Commercial Real Estate Servs.*, No. 1:16-cv-01174-JRS-MPB, ECF 135. The jury verdict form asked whether Plaintiff established by a preponderance of evidence that "Richard N. Bell authored the Indianapolis Skyline Photo, that he owns a copyright in it, and that he registered it with the Copyright Office." *Id.* The jury determined that he did not. *Id.* Second, the jury's verdict and the final judgment entered by the court constituted a final judgment on the merits. *Id.*, ECF 140. Third, the party against whom preclusion is asserted, Plaintiff Bell, was a party in *Carmen*.

Plaintiff does not dispute that he was a party in the previous action or that the issue in the previous proceeding is identical to the present case. Plaintiff argues that the *Carmen* ruling does

PAGE 9 – OPINION AND ORDER

not have a preclusive effect for two reasons: (1) the verdict is not a valid final judgment; and (2) the decision is inapplicable because the *Carmen* court erred by permitting the defendant to raise the affirmative defense of "work for hire." ECF 17 at 6–9.

   1. **Finality of Judgment**

This Court finds that the verdict in *Carmen* constitutes a valid, final judgment. Plaintiff contends that the *Carmen* decision is not a final judgment because he has filed a pending motion for a new trial pursuant to Rule 59 and he intends to appeal any adverse rulings based on the *Carmen* decision. ECF 17 at 7; *see* Fed. R. Civ. P. 59. However, the Ninth Circuit has held that neither a pending appeal nor a pending Rule 59 motion defeats finality for preclusion. *See Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir.1988) (per curiam). The Court of Appeals explained that "the finality requirement ensures that parties have a full opportunity to litigate a claim before they are barred from asserting it again" and the "claim has already been fully litigated by the time a Rule 59 motion is pending." *Id.* at 1367 n.1. The Restatement (Second) of Judgments also indicates that a pending motion for a new trial does not suspend or destroy the finality of a judgment, but finality will cease if the motion is granted. Restatement (Second) of Judgments, § 13 cmt. f (1982). At present, Plaintiff's motion for a new trial in *Carmen* has not been granted. Therefore, the judgment remains valid and final for preclusion purposes at this time.

   2. **Work for Hire Defense**

Plaintiff next argues that the *Carmen* verdict should not be given preclusive effect because the court erroneously permitted the presentation of evidence related to the work for hire doctrine and provided a jury instruction incorporating the work for hire doctrine. ECF 17 at 7. This Court does not find that the presentation of the work for hire defense undermines the preclusive effect of the *Carmen* verdict.

Generally, copyright ownership attaches to the person who authors the work. 17 U.S.C. § 201(a). However, if the "work made for hire" doctrine applies, then "the employer or other person for whom the work was prepared is considered the author" and owns the copyright, unless there is a written agreement to the contrary. *Id.* at § 201(b). Plaintiff contends that the Ninth Circuit has held that third parties to an alleged employer-employee relationship do not have standing to assert a work made for hire defense for copyright infringement, citing *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010). ECF 17 at 5. Thus, a third-party to the employer-employee relationship, like Defendants in this case, would not be permitted to assert the work for hire defense that was presented in *Carmen*. Furthermore, Plaintiff argues that the jury reached an erroneous conclusion in *Carmen* because the jury received improper jury instructions incorporating the doctrine. ECF 17 at 7.

This Court takes a narrower view of the Ninth Circuit's holding in *Jules Jordan Video*. In *Jules Jordan Video*, the Ninth Circuit explained that the work for hire doctrine "is designed to establish ownership of a work as between a commissioning party or employer on the one hand and the commissioned party or employee on the other." *Jules Jordan Video, Inc.*, 617 F.3d at 1157. The Court of Appeals then declined to allow a third-party defendant to assert the work for hire doctrine when there were only two potential owners of the copyright, there was no dispute between the potential owners, and both were plaintiffs in the action. *See id.* at 1157. The court did not indicate that third parties may never assert a work made for hire defense. Although it appears that the Ninth Circuit has not yet decided this exact issue, the court has permitted third parties to a transfer of copyright ownership to challenge a plaintiff's ownership for the purposes of standing. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 986 (9th Cir. 2017). Other circuit courts have permitted third parties to use the work for hire doctrine

PAGE 11 – OPINION AND ORDER

defensively. *See, e.g.*, *Urbont v. Sony Music Entm't*, 831 F.3d 80, 88 (2d Cir. 2016); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1490 (11th Cir. 1990).

Accordingly, this Court finds that the presentation of the work for hire defense does not destroy the preclusive effect of the *Carmen* verdict for the present action.

## C. *Eitel* Factors

The *Eitel* factors also weigh against granting a default judgment. In particular, the second *Eitel* factor, which examines the merits of Plaintiff's claim, weighs heavily against an entry of default judgment. *Eitel*, 782 F.2d at 1471–72. This Court finds Plaintiff is precluded from relitigating whether he owns a valid copyright in the skyline photograph. Thus, Plaintiff has failed to establish a necessary element for a claim of copyright infringement. *See Feist Publ'ns, Inc.*, 499 U.S. at 361. None of the other *Eitel* factors outweigh the deficiency in the merits of Plaintiff's claim for copyright infringement.

## CONCLUSION

This Court DENIES Plaintiff's motion for default judgment. Plaintiff's claims are DISMISSED.

**IT IS SO ORDERED**.

DATED this 31st day of December, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge